IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen James Mills, #92604-071, | ) C. A. No. 2:05-294-DCN-RSC ) ) |
| Petitioner, | ) ) |
| -versus- | ) **REPORT AND RECOMMENDATION** ) |
| John Lamanna, Warden; United States of America, | ) ) ) |
| Respondents. | ) |

This habeas corpus petition brought by a federal prisoner housed at Federal Correctional Institution, Edgefield, proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion to dismiss or in the alternative for summary judgment filed on April 20, 2005. 28 U.S.C. § 636(b).

On January 31, 2005, the petitioner, Stephen James Mills, filed this petition pursuant to 28 U.S.C. § 2241.[1] Mills named

---

[1] § 2241. Power to grant writ
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.
(c) The writ of habeas corpus shall not extend to a prisoner unless--
  1) He is in custody under or by color of the authority of the United States or is committed for trial before some court

1

John LaManna and the United States of America as respondents.[2] Mills claims his Judgment and Commitment Orders (J & C) did not order the timing and amounts of his payments for fines and restitution imposed, but rather impermissibly delegated those decisions to the Bureau of Prisons (BOP) through its Inmate Financial Responsibility Program (IFRP). Mills alleges such was violative of Article III of the Constitution as the order delegates a core responsibility of the sentencing judge to the Executive Branch of the government.

Mills asks the court "to vacate the restitutionary portion of Plaintiff's sentence, and repromulgate an amended Judgment and Commitment Order to reflect such, as well as ORDER the BOP to cease and desist from any further attempts at collection of IFRP payments of any kind from Plaintiff, and to ORDER the BOP to refund any and all monies taken to date via said contracts to Plaintiff's Trust Account with a caveat that there be no form of

---

thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

[2] The Petition names John J. LaManna, Warden at FCI Edgefield, and the United States of America as Respondents. The only proper party respondent in a habeas corpus petition is the custodian of the prisoner. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95 (1973). Thus, the United States of America should be dismissed as a named respondent.

retaliatory measure exacted against Plaintiff for exercising his right to redress, forthwith." (Sic).

On April 26, 2005, Mills was provided a copy of the motion before the court and exhibits along with an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Mills filed an opposition to the motion on April 29, 2005. Hence, it appears consideration of the matter is appropriate.

A review of the record and relevant case law indicates the J & Cs should be corrected to order a schedule of monetary amounts and the dates upon which they are to be paid in order to satisfy the fines and restitution imposed in the instant matter.

**PROCEDURAL HISTORY**

Mills was sentenced on September 15, 1998, in the United States District Court for the District of South Carolina to an aggregate term of 468 months with three years supervised release for violation of 18 U.S.C. §§ 2, Aiding and Abetting, 18 U.S.C. § 924(C)(1), Use of a Firearm During a Crime of Violence, and 18 U.S.C. § 1951(A), Obstruction of Interstate Commerce by Armed Robbery. Mills has a projected release date of October 15, 2031, via good conduct time release. (Resp. Ex.1).

Mills has two J & C Orders from two separate criminal cases, 2:97-815-1, dated September 24, 1998, which is the J&C challenged in the petition, and 2:98-786, also dated September 24, 1998. It does not appear that Mills is challenging the J & C in 2:98-786. (Resp. Ex. 2, 3). Mills was sentenced on both cases on the same day and the BOP has aggregated his sentences.

Upon his arrival at FCI Edgefield, Unit Team staff reviewed Mills' J & C Orders from his two aggregate sentences. (Resp. Ex. 4). The J & C Order from criminal case 2:97-815-1 indicated that Mills was to pay a $600.00 Felony Assessment and $5,299.00 in Restitution. The Order states, "The above special assessment is due: Through defendant's participation in Inmate Financial Responsibility Program." (Resp. Ex. 2). The J & C Order from criminal case 2:98-786 indicated that Mills was to pay a $100.00 Felony Assessment and $5,229.00 in Restitution. It states: "The above special assessment is due: Through defendant's participation in the Inmate Financial Responsibility Program. After release any remaining restitution payments will be paid at $25.00 per month until the restitution is paid off."[3] (Resp. Ex. 3).

In reviewing the J & C Orders, it appeared the restitution set forth in both J & C Orders, were one in the same: same total

---

[3] The judge's schedule and installment amount for payment of the balance of the restitution ordered after Mills' release from incarceration is not challenged here.

4

amounts owed and same amounts owed to the same named victims. Therefore, for IFRP purposes, Unit Management staff at the FCI treated the total amount of restitution as $5,229.00 and the total Felony Assessment as $700.00.

Mills entered into contracts with the IFRP on May 5, 1999, to voluntarily pay $25.00 a quarter under the IFRP toward his special assessment. (Resp. Ex. 4, 6). Mills made his first payment of $25.00 toward his special assessment on June 3, 1999. (Resp. Ex. 4 and Ex. 7). Mills continued making quarterly payments of $25.00 for a total of $350.00 toward his special assessment until July 9, 2003, when his obligation to pay the assessments was absolved.[4] (Resp. Ex. 5, pg. 4, para. 8(a)(1).

Thereafter, on October 9, 2003, Mills began making quarterly payments toward his restitution obligation. (Resp. Ex. 4, 8, 9). Since that time Mills has made payments which total $217.56 toward his restitution. His last payment was made on December 8, 2004. Mills still owes $5,011.44 to satisfy his restitution obligation.

It is uncontested that Mills properly exhausted the BOP's administrative remedies prior to filing the instant petition.

---

[4] See 18 U.S.C. § 3013(c). A defendant's obligation to pay a special assessment ceases five years after the date of judgment was imposed. Defendants who fail to pay their assessments during the five-year period become absolved of this responsibility. Therefore, in accordance with statute and policy, Mills' obligation to pay the special assessment ceased since five years had lapsed from the date judgment was imposed.

## DISCUSSION

Mills contends the district court judge's delegation of his authority to establish the installment amount and timing of his fine and restitution payments to the Federal Bureau of Prisons for the time he is incarcerated was error that requires his sentence be vacated and Mills be resentenced. It appears under controlling Fourth Circuit precedent Mills is correct.

In United States v. Johnson, 48 F.3d 806, 808-09 (4th Cir. 1995), the court held that a district court lacks authority to delegate to the probation officer the final authority to determine the amount of restitutionary installment payments, without retaining ultimate authority over such decisions. Ultimate authority can be retained by requiring the probation officer to recommend restitutionary decisions for approval by the court. Id. at 809. The court reasoned that the statutory duty imposed upon district courts under 18 U.S.C.A. § 3663(f)(1) (West Supp. 1995) "to fix the terms of restitution must be read as exclusive because the imposition of a sentence, including any terms for probation or supervised release, is a core judicial function." Id. at 808. The court recognized that courts may use nonjudicial officers, such as probation officers, to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility.

Although <u>Johnson</u> involved the district court's delegation of authority to set the amount and timing of restitutionary installment payments, its reasoning equally applies when the delegation involves a fine. Title 18 U.S.C.A. § 3572(d) (West Supp. 1995) provides that a "person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." This section as well as § 3663(f)(1), setting forth the district court's statutory duty to fix the terms of restitution, both impose upon the "court" the responsibility for determining installment payments. Like restitution, the statutory duty imposed upon district courts to fix the terms of a fine must be read as exclusive because the imposition of a sentence, including the terms of probation or supervised release, is a core judicial function. <u>United States v. Miller</u>, 77 F.3d 71, 77-78 (4th Cir. 1996) (a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer).

## CONCLUSION

Applying the aforementioned holdings here, it appears that the portion of Mills' sentence relating to the fine and restitution should be modified.

                          Respectfully Submitted,

                          */s/ Robert S. Carr*
                          Robert S. Carr
                          United States Magistrate Judge

Charleston, South Carolina

June  13 , 2005

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *
> We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402